**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BRIAN SHERWIN,

       Plaintiff,

vs.                               Case No.:

COMMERCIAL RECOVERY SYSTEMS,
INC.,

       Defendant.
_____/

## COMPLAINT

1.     Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3.     This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.     Plaintiff, BRIAN SHERWIN, (hereinafter "Plaintiff ") is a natural person who resides in the City of Fort Lauderdale, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

6.      Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter "Defendant ") is a collection agency operating from an address of 8035 East R.L. Thornton Fwy., Suite 220, Dallas, TX 75228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant regularly collects or attempts to collect debts for other parties.

9.      Defendant is a "debt collector" as defined in the FDCPA.

10.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). More specifically, Defendant was attempting to collect on a car loan made to Plaintiff.

12.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14.     After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15.     Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to

determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

16.     In or about June, 2012, Defendant's collectors contacted Plaintiff by telephone multiple times in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.     During these April 2012, calls, Defendant left voice mails on Plaintiff's answering machine, and failed to identify themselves as debt collectors.  More specifically, Defendant left the following in its voice mails:

This message is for Brian Sherwin, Mr. Sherwin, this is Ms. Brown. I need a return call from you today, or your attorney regarding an important business matter pending here in my office. We have been fully retained to oversee your matter. Um, your file number is 3454650. Now um, Mr. Sherwin please do not take this call lightly, as for you to respond may indicate a refusal on your part, now that this call has been documented as an attempt to contact you in good faith and discuss this matter with you in detail. I can be reached at 1-800-214-5332, my extension is 1132, again, I expect a return call no later than 5 p.m., Central Standard Time.

## SUMMARY

18.     All of the above-described collection communications made to Plaintiff by Defendant , and collection employees employed by Defendant , were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

19.     During its collection communications, Defendant and the individual debt collectors employed by Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

20.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

<u>TRIAL BY JURY</u>

21.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

<u>CAUSES OF ACTION</u>

<u>COUNT 1</u>

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. § 1692 et seq.</u>

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

<u>COUNT 2</u>

<u>FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR</u>

25.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11). (See transcription of voice mail above)

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)    Damages and

b)    Attorneys' fees and costs.

## COUNT 3

## FAILURE  TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

26.    Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6). (See transcription of voice mail above)

## COUNT 4

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

27.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.    Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the deft.

29.    Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and
B)    Attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  July 16, 2012                    Respectfully submitted,


                                         s/ J. Dennis Card Jr._____
                                         J. Dennis Card Jr., Esq.
                                         E-mail: Dcard@consumerlaworg.com
                                         Florida Bar No. 0487473
                                         Consumer Law Organization, P.A.
                                         2501 Hollywood Boulevard, Suite 100
                                         Hollywood, FL 33020
                                         Telephone: (954) 921-9994
                                         Facsimile: (954-921-9553
                                         Attorney for Plaintiff